## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICIA A. TRAFFAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2115-DDC |
| | ) |
| BIOMET, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER AS TO
## CONFIDENTIALITY AND DISCOVERY AGREEMENT

This Stipulated Protective Order as to Confidentiality and Discovery Agreement ("CDA"), intended by the Parties to be approved and adopted by Order of the Court, is made and entered into by and between all Plaintiffs and all Defendants in litigation filed in the United States District Court for the District of Kansas, involving M2a Metal on Metal hip implants. Plaintiffs and Defendants are individually referred to as "Party" and collectively referred to as "Parties."

WHEREAS:

- Each Party desires the efficient exchange of information during the discovery phase of this litigation;

- Each Party recognizes that substantial discovery has already been produced by Defendants in previous and concurrent litigations involving similar M2a Metal on Metal hip implants in other jurisdictions;

- Each Party recognizes that disclosure, here, of discovery produced in other M2a Metal on Metal hip implant litigations will help avoid unnecessary and inefficient discovery disputes;

- Each Party agrees that Defendants' discovery productions may contain third-party private health information, trade secrets, or other information belonging to Defendants which may be confidential under applicable law;

- Defendants, as for-profit businesses, have an interest in keeping their trade secrets and other confidential, research, development, competitive, commercial, marketing,

financial, sales, licensing, or other proprietary or business information confidential and protected to the extent allowed under Kansas law;

- Each Party desires to execute a CDA that comports with Kansas law while at the same time providing procedures and efficiencies that allow the exchange of information without over- burdening this Court;

THEREFORE, the Parties agree as follows:

I. <u>STIPULATED PROTECTIVE ORDER AS TO CONFIDENTIALITY</u>

1) The Parties agree that this Protective Order does not supersede Kansas law and that the confidentiality protections provided by this Protective Order apply only to documents and information not required to be public under Kansas law.

2) This CDA applies to all information, documents, and things subject to discovery in this action, including discovery already produced or to be produced and discovery deemed produced as if taken in this litigation, if any.

3) The Parties acknowledge that Documents exchanged in this litigation may contain Defendants' trade secret information or other information belonging to Defendants as well as medical records belonging to Plaintiffs which may be confidential under applicable law (such information described herein as "Confidential"). Such documents shall hereafter be referred to as "Confidential Document(s)".

4) The Parties agree that a Party's designation of "Confidential Document" shall be made only after a bona fide determination that the material is in fact a Confidential Document.

    a. Nothing in this paragraph may be interpreted as requiring new individualized determinations of such documents' confidentiality in the absence of a challenge pursuant to the procedure set forth in Paragraph 14.

5) The Parties agree to produce Confidential Documents only upon the condition that they remain Confidential, according to the terms of this CDA, unless otherwise ordered by the court.

6) The Parties agree that if a "Confidential Document" also contains information that is not protected from disclosure under applicable law, only the portions of the Confidential Document that are Confidential will be protected according to the terms of this CDA.

7) The Parties agree that any Party or third party may designate any document(s) as Confidential by placing or affixing thereon, in such manner as will not interfere with the reasonable

legibility of the materials, the following notice, or an otherwise similar appropriate notice: "Confidential Material Subject to Confidentiality Order." The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

8) All copies, duplicates, extracts, summaries or descriptions (collectively "copies"), of documents designated as Confidential under this CDA or any portion of such a document, shall be immediately affixed with the designation "Confidential Material Subject to Confidentiality Order" (or similar language) if a designation to this effect does not already appear on the copy. All such copies shall be afforded the full protection of this CDA.

9) Deposition testimony or any portion thereof may be designated "Confidential Documents" on the record at the time of the deposition or within thirty (30) days after receipt of the deposition transcript.

    a. If the party seeking to designate a deposition transcript or any portion thereof as Confidential Documents does not serve a letter on the court reporter and counsel of record within 30 days of receipt of the deposition transcript which identifies the portions claimed confidential under this Agreement, then the entire transcript shall be deemed not to contain any Confidential information.

10) Except as explicitly listed in subsections to this Paragraph, material or information designated as Confidential under this CDA shall not be used or disclosed by any person, except as provided for hereinafter, or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this Litigation and any appeal herein.

    a. Disclosure may be made to counsel of record in this case, and employees of a Party's counsel, including their secretarial, paralegal, clerical, duplicating, and data processing staff / employees, retained by counsel of record in this case, who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this CDA requiring that the material and information be held in confidence.

    b. Disclosure may be made to consultants or experts (hereinafter, "expert") employed by a Party or the Party's counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert or consultant, the expert or consultant must agree to

be bound by the terms of this CDA by executing the Confidentiality Undertaking annexed hereto. A copy of each executed Confidentiality Undertaking shall be maintained by the Party's counsel. In no event shall any disclosure be made to employees, officers or directors of any competitors of a Party, irrespective of whether they are retained as an expert or consultant for a Party.

   i. Competitors shall be defined as any corporation currently in the business of designing, marketing, or distributing orthopedic components.

c. Disclosure may be made to a Party to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, the Party shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this CDA requiring that the material and information be held as confidential and shall execute the Confidentiality Undertaking annexed hereto.

d. Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal), and to Court reporters only for the purposes of the Litigation, and for no other purposes.

e. Disclosure may be made to any person who (i) wrote or received a copy of the document designated Confidential before it was furnished in this Litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this Litigation.

f. Disclosure may be made to any mediators actively engaged in assisting with alternative dispute resolution of this Litigation as well as secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this Litigation.

g. Disclosure may be made to vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical vendors whose duties and responsibilities require access to such materials.

h. Disclosure may be made to witnesses or deponents in the course of this Litigation, only as necessary for the litigation and only after the person to whom such disclosure is made has been informed of the CDA and has agreed to be bound by it, either by executing the Confidentiality Undertaking annexed hereto or by swearing or affirming under oath to be bound this CDA. Copies of executed Confidentiality Undertakings shall be retained by the Party's counsel, with a copy provided to another Party's counsel upon request.

   i. To the extent a deponent is represented by Defendants' counsel at deposition, the requirement for the deponent to be informed of the CDA by Plaintiff's counsel and agree to be bound by it is waived.

i. Except as expressly provided in this paragraph, should any Party desire to disclose Confidential Documents to anyone, such Party shall provide the designating Party fourteen (14) days prior written notice of the intent to disclose Confidential Documents to such additional persons, copying counsel to the producing party as identified below, which notice shall state the name and address of the additional persons and the reasons review by such persons is desired. If the designating Party objects in writing to such disclosure within that fourteen (14) day period, then such Confidential Material will not be disclosed unless and until this Court overrules the designating Party's objection. The person to whom such disclosure is made must be informed of this CDA and agree to be bound by it, either by executing the Confidentiality Undertaking annexed hereto or by swearing or affirming under oath to be bound this CDA. Copies of executed Confidentiality Undertakings shall be retained by the Party's counsel, with a copy provided to another Party's counsel upon request.

   i. Identify of counsel to whom notice is to be provided under this paragraph:
      1. Defendants: Teresa Griffin; Joe Tanner; Andy Campbell; Stephanie Russo; Erin Hanig; Jon Lawson;
      2. Plaintiffs: Ilyas Sayeg; Brian Franciskato; Michele Stephan; Michael Cowgill

11) The Parties and their attorneys will ensure that those persons to whom the Confidential Documents are disclosed are advised of this CDA and the confidential nature of the

Confidential Documents, and that they are precluded from disclosing the information in any manner or to any person not required in the pursuit of this Litigation, including any subsequent appeals. Any person having access to material or information designated Confidential under the CDA, including consultants and experts, shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except as convenient or necessary for the preparation and trial of this Litigation.

12) Counsel for the Parties shall keep all material or information designated as Confidential which is received under this CDA within its exclusive possession and control, except as provided in Paragraph 10 above, and shall maintain such material and information in their offices or other secure facility and shall properly secure and control all Confidential Documents and take all reasonable precautions to prevent unauthorized access to, or reproduction or disclosure of, the Confidential Documents to unauthorized persons or entities. Except as provided in Paragraph 10, no person shall have access to the Confidential Documents.

13) The production or disclosure of any discovery material made in connection with this action which a Party claims was inadvertent and should not have been produced or disclosed because of a privilege will not be deemed to be a waiver of any privilege to which the Party would have been entitled had the affected material not inadvertently been disclosed. In the event of such claimed inadvertent disclosure, the following procedures shall be followed:
   a. The Party may request, in writing, the return of any such discovery material by specifically identifying the affected material; and
   b. Within 30 days of such request, the requesting Party must provide a Privilege Log for any discovery requested to be returned; and
   c. If the Party requests the return, pursuant to this paragraph, of any such discovery material, those to whom the request is made shall return to the Party as soon as practicable all copies of the affected material within their possession, custody, or control— including all copies in the possession of experts, consultants, or others to whom the affected material was provided.

14) Material or information claimed to be Confidential that is subject to a dispute as to whether it is in fact Confidential material or information shall, until further order of the Court, be treated as Confidential in accordance with the provisions of this CDA. A Party's designation

of material or information as Confidential shall not be controlling. A Party may challenge any or all Confidential designations by written Notice in accordance with this paragraph.

  a. If a Party elects to challenge any designation of Confidentiality of any material or information pursuant to this CDA, the challenging Party shall provide a Notice to the producing party, copying the same counsel identified above (in subparagraph 10(*i*)(i)), in which the challenging party shall:

      i. Identify each document it wishes to remove from the provisions of this CDA; and

      ii. Provide a brief explanation of the basis for challenging the Confidential designation of each challenged document;

      iii. If multiple documents are produced which are substantially similar to the document with the challenged designation, then the challenge applies to all substantially similar documents;

          1. For the purposes of this sub-paragraph, substantially similar means that the substantive content of the documents is identical.

  b. For each challenged document, if the Parties cannot stipulate to the Confidentiality of such document within thirty (30) days of the designating Party's receipt of such written Notice, the designating Party has the burden of making an application to the Court for an order directing that the contested document(s) shall remain Confidential under the terms of this CDA;

  c. The Parties shall attempt to resolve any such challenge by agreement prior to the time for filing such a motion as herein provided;

  d. Failure of the designating Party to move for an Order to establish Confidentiality within thirty (30) days of receipt of the Notice will operate as a waiver of the confidentiality designation for any designations challenged in the Notice.

15) A Party shall be entitled to identify and use documents for trial purposes regardless of Confidentiality designations, provided that for any documents identified on the Party's Exhibit List for use at trial, the designating Party shall be entitled to seek appropriate protection, on grounds including but not limited to discoverability, by motions in limine or otherwise, for any document so identified.

16) If, in connection with any motion or other proceeding except trial, a Party intends to offer into evidence or otherwise attach any documents or information claimed to be "Confidential" by another Party, such evidence shall be submitted consistent with the requirements of this paragraph and D. Kan. Rule 5.4.6(a).
    a. The Party filing the motion containing "Confidential" information (hereafter referred to as "underlying motion") is required to file the confidential information under seal in accordance with the trial court's administrative rules regarding the sealing of records, until such time as the Court addresses and rules on the designation as set forth in subparagraph (b), if at all.
    b. To the extent required by law or otherwise to the extent that the Court, clerk of Court, or any Party or other entity challenges whether such information should be treated as confidential or should otherwise be sealed from the public, all burdens associated sustaining the "Confidential" designation of the information at issue shall be on the Party making the "Confidential" designations at issue.
    c. Except for good cause, the Parties agree not to oppose motions to seal under this Paragraph.
17) To the extent that a document designated as Confidential under this Agreement has been produced in another action and determined by a court of competent jurisdiction not to be Confidential, then said document will be considered non-confidential and non-protected for purposes of this litigation.
18) Upon final termination of this action, whether by judgment, settlement or otherwise, upon written request, a Party's counsel shall return to the requesting Party's counsel all materials and all copies thereof in counsel's possession or subject to counsel's control (including but not limited to materials furnished to consultants and/or experts) that were designated by the requesting Party as Confidential material in accordance with this CDA and/or, in the alternative, execute an affidavit or declaration affirming based on personal knowledge that all copies of such materials, including copies upon which any notes have been made, have been destroyed. If no written request for the return of Confidential Documents is received, the Parties shall destroy all tangible copies of the Confidential Documents and documents that refer or otherwise disclose the Confidential information contained in the Confidential

Documents in counsel's possession or subject to counsel's control (including but not limited to materials furnished to consultants and/or experts).

    a. Any Documents and materials that were designated as Confidential but thereafter had such designation removed by Order of the Court, agreement of the Parties, or by any procedure outlined in this CDA shall be exempt from the requirements of this paragraph.

19) The Parties agree that this CDA shall survive the termination of the Litigation.

## II. DISCOVERY EFFICIENCY AGREEMENT

1) The Parties recognize that substantial discovery has been produced between Defendants and Plaintiff's counsel in a number of jurisdictions. Plaintiffs' counsel is defined as Maglio Christopher and Toale, P.A. and Nash & Franciskato Law Firm. Further, reissuance of identical discovery requests and the reproduction of previously produced discovery in any individual litigation is inefficient, wasteful, and should be avoided.

2) Accordingly, in the interest of efficiency, the Parties agree that any discovery produced by Defendants in any of Plaintiff's counsel's matters will be available to Plaintiff's counsel for use in this litigation without need for reproduction by Defendants.

3) The Parties do recognize that Defendants also have an interest in exercising their rights to object to the discoverability of certain documents which should not be waived simply because the Parties wish to avoid the cost and expense of reproductions.

4) Accordingly, the Parties agree that that in making discovery from other litigations which is in Plaintiff's counsel's possession available to Plaintiff for use in this litigation, Defendants *are not* waiving objections to discoverability. The Parties agree that Defendants may lodge discoverability objections at the time documents are utilized by Plaintiff and have the right to move for appropriate relief from the Court based on such objections.

WHEREFORE, by the signature of their counsel below, the Parties acknowledge that they have reviewed carefully what has been expressed in this CDA and understand that its terms are legally binding on them.

| Dated: 7/19/19 | Dated: 7/19/19 |
|---|---|
| By: */s/* Brian Franciskato | By: */s/* Kara T. Stubbs |

| **MAGLIO CHRISTOPHER & TOALE P.A** | **FAEGRE BAKER DANIELS LLP** |
|---|---|
| Altom M. Maglio | Tom Joensen (*admitted pro hac vice*) |
| Ilyas Sayeg | Stephanie A. Koltookian (*admitted pro hac vice*) |
| 1605 Main Street, Suite 710 | 801 Grand Avenue, 33rd Floor |
| Sarasota, FL 34236 | Des Moines, IA 50309 |
| T. (941) 952-5242 | T. (515) 248-9000 |
| F. (877) 952-5042 | F. (515) 248-9010 |
| amm@mctlawyers.com | tom.joensen@faegrebd.com |
| isayeg@mctlawyers.com | stephanie.koltookian@faegrebd.com |
| | Michelle M. Tessier |
| **NASH & FRANCISKATO LAW FIRM** | 90 S. Seventh Street, Suite 2200 |
| Brian S. Franciskato    KS #16746 | Minneapolis, MN 55402 |
| 2300 Main Street, Suite 170 | T. (612) 766-7000 |
| Kansas City, MO 64108 | F. (612) 766-1600 |
| T. (816) 221-6660 | michelle.tessier@faegrebd.com |
| F. (816) 221-6612 | |
| bfranciskato@nashfranciskato.com | **BAKER STERCHI COWDEN & RICE LLC** |
| | Kara T. Stubbs    KS #15805 |
| *Attorneys for Plaintiff* | 2400 Pershing Road, Suite 500 |
| | Kansas City, MO 64108 |
| | T. (816) 471-2121 |
| | F. (816) 472-0288 |
| | stubbs@bscr-law.com |
| | |
| | *Attorneys for Defendants* |

# EXHIBIT A

## CONFIDENTIALITY UNDERTAKING

The undersigned hereby acknowledges that he/she has read the Discovery and Confidentiality Agreement executed by the attorneys of record for the Parties in the *Traffas v. Biomet, Inc., et al.* action filed in the United States District Court for the District of Kansas, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Signed: _____

Name: _____

Date: _____