# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICIA A. TRAFFAS,

    Plaintiff,

v.

BIOMET, INC., et al.,

    Defendants.

Case No. 19-2115-DDC-JPO

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Response (Doc. 45) to the court's Order to Show Cause why it should not dismiss plaintiff's case for lack of subject matter jurisdiction (Doc. 44). For reasons explained below, plaintiff has failed to sustain her burden to demonstrate that diversity jurisdiction exists in this case. The court thus dismisses plaintiff's case for lack of subject matter jurisdiction.

**I.    Analysis**

On February 28, 2019, plaintiff filed her Complaint in this case (Doc. 1). The Complaint alleges 11 state law causes of action arising from an allegedly defective hip replacement system implanted in plaintiff. Plaintiff has sued John Cuckler, M.D., Alabama Medical Consultants, Inc., and five Biomet entities: (1) Biomet, Inc., (2) Biomet Orthopedics, LLC, (3) Biomet U.S. Reconstruction, LLC, (4) Biomet Manufacturing, LLC, and (5) Zimmer Biomet Holdings, Inc. (collectively, the "Biomet defendants"). Plaintiff's sole basis for subject matter jurisdiction is diversity of citizenship. *See* Doc. 1 at 5 (Compl. ¶ 18); 28 U.S.C. § 1332(a).

On February 28, 2020, the court directed plaintiff to show cause why the court should not dismiss her Complaint for lack of subject matter jurisdiction (Doc. 44). The Complaint had not alleged properly the citizenship of the five Biomet defendants, listed above. Doc. 44 at 1–2. First, the Complaint identified Biomet, Inc. and Zimmer Biomet Holdings, Inc.'s "state of citizenship" and "state of corporate headquarters," but never alleged precisely their state of incorporation or their principal place of business. *See* Doc. 1 at 3–4 (Compl. ¶¶ 5–6). Second, the Complaint alleged that the three Biomet limited liability companies ("LLCs")—Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC (the "Biomet LLCs")—are wholly-owned subsidiaries of Biomet, Inc. But she never alleged anything about the citizenship of each one of the LLCs's members. *Id.* (Compl. ¶ 5).

As the court explained in its Show Cause Order, to establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. Doc. 44 at 2. If the business is a limited liability company, its citizenship is determined by the citizenship of each of its members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., L.L.C.*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001). That's why the court entered the Show Cause Order.

Plaintiff's Response (Doc. 45) to the court's Show Cause Order has failed to cure the jurisdictional defects for the Biomet LLCs.[1] Plaintiff's Response asserts that the Biomet

---

[1] Plaintiff's Response does properly demonstrate the citizenship of Biomet, Inc. and Zimmer Biomet Holdings, Inc. Biomet, Inc. is incorporated in Indiana with its principal place of business in Indiana. Doc. 45-1 at 2. Zimmer Biomet Holdings, Inc. is incorporated in Delaware with its principal place of business in Indiana. *Id.* at 6.

defendants are incorporated in Indiana and each has its principal place of business in Indiana. Doc. 45 at 1. Specifically, plaintiff asserts that Biomet Orthopedics, LLC is a wholly-owned subsidiary of Biomet, Inc. and Biomet U.S. Reconstruction, LLC. Doc. 45 at 2 (¶ 5.b.,c.). And, she asserts, Biomet U.S. Reconstruction, LLC and Biomet Manufacturing, LLC are wholly-owned subsidiaries of Biomet, Inc. *Id.* at 2–3 (¶ 5.d.,e.).

None of plaintiff's allegations support the court's exercise of diversity jurisdiction over this case. As noted above, the organization of LLCs under a particular state's laws and the LLCs's principal places of business do not drive the jurisdictional analysis. *See Siloam Springs Hotel*, 781 F.3d at 1234 (holding that if the business is a limited liability company, its citizenship is determined by the citizenship of each of its members). Plaintiff's Exhibit A (Doc. 45-1)— which provides information from the Indiana Secretary of State—lists Biomet U.S. Reconstruction as the member of Biomet Orthopedics, LLC. Doc. 45-1 at 3. But plaintiff supplies the court no information about the citizenship of Biomet U.S. Reconstruction, LLC. Exhibit A provides no information about the membership of Biomet U.S. Reconstruction, LLC or Biomet Manufacturing, LLC. *See id.* at 4–5. In sum, plaintiff has failed to provide the court with sufficient facts about the members of the Biomet LLCs and their citizenship.

Plaintiff does assert that Biomet U.S. Reconstruction, LLC and Biomet Manufacturing, LLC are wholly-owned subsidiaries of Biomet, Inc. Perhaps plaintiff intended this information to convey that Biomet, Inc. is the sole member of those LLCs. Plaintiff made a similar assertion for Biomet Orthopedics, LLC, asserting it was a wholly-owned subsidiary of Biomet U.S. Reconstruction, LLC, and Biomet, Inc. But, as the court's Show Cause Order explained (Doc. 44 at 2), that the Complaint's allegations that various Biomet LLCs are wholly-owned subsidiaries do not permit the court to conclude that plaintiff and defendants are diverse for

purposes of subject matter jurisdiction. *See Advanced Techs. and Installation Corp. v. Nokia Siemens Networks US, LLC*, No. 09-cv-6233 (FLW), 2011 WL 198033, at *3 (D.N.J. Jan. 20, 2011) (granting motion for reconsideration because court earlier had committed legal error by concluding that a wholly-owned subsidiary necessarily has just one member); *see also Marks v. Wal-Mart Louisiana, LLC*, No. 6:16-cv-00419, 2016 WL 2654372, at *2 (W.D. La. May 3, 2016) (holding assertion that LLC was a wholly-owned subsidiary of corporation did not permit the court to determine LLC's citizenship for purposes of diversity jurisdiction because corporation "may or may not be a member—or the sole member—of the [the LLC]"); *Cf. Zufelt v. Isuzu Motors Am., L.C.C.*, 727 F. Supp. 2d 1117, 1127–28 (D.N.M. Dec. 21, 2009) (holding that complete diversity of citizenship existed where defendant LLC asserted it was a wholly-owned subsidiary of corporation, despite California law permitting LLCs to have members who are not owners, because counsel had represented that LLC had one member and identified that member).

Here, plaintiff has failed to allege the membership of the Biomet LLCs. In her Response to the court's Show Cause Order, plaintiff simply has repeated the allegations in her Complaint—that Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC are wholly-owned subsidiaries of Biomet, Inc. *See* Doc. 1 at 3–4 (Compl. ¶ 5); Doc. 45 at 2–3. She did add that Biomet Orthopedics, LLC is a wholly-owned subsidiary of Biomet U.S. Reconstruction, LLC. But this information doesn't assist the analysis because plaintiff never alleges anything about the membership of the Biomet LLCs. Based on the information plaintiff has provided, Biomet, Inc. and Biomet U.S. Reconstruction, LLC may be the only members of these LLCs—but they may not be the only members. Without information about the members of each LLC, the court cannot exercise subject matter jurisdiction over this

case. *See Siloam*, 781 F.3d at 1237–38 (holding that "Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members").

The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). And, importantly, the party invoking the court's jurisdiction carries the burden to prove that jurisdictions exists, and there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Here, the plaintiff is the party claiming the court has subject matter jurisdiction. And twice, she failed to provide the court with facts about the Biomet LLCs's members and their citizenship. The court thus dismisses plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction.[2]

The court notes that plaintiff, had she just sued Biomet, Inc. and Zimmer Biomet Holdings, Inc., would have carried her burden. Her supplemental submission sufficiently alleges that they are Indiana citizens and thus, they are diverse from plaintiff, a Kansan. But that isn't the Complaint plaintiff filed. Plaintiff chose to sue three LLCs, and, as already explained, that

---

[2] Kansas's "saving statute" could apply to a refiling made in state court. *See* Kan. Stat. Ann. § 60-518. This provision permits a plaintiff to bring a new action within six months of the dismissal of her original complaint if (1) the plaintiff "commenced the original action within due time," (2) the "trial court dismissed the plaintiff's original action for reasons other than upon the merits," and (3) "the trial court dismissed the plaintiff's original action following the expiration of the statute of limitations." *Lozano v. Alvarez*, 356 P.3d 1077 (Table), 2015 WL 5750439, at *4 (Kan. Ct. App. Oct. 2, 2015).

5

required her to show that she likewise is diverse from those entities. She has failed to allege that she is.

## II. Conclusion

The court dismisses plaintiff's case without prejudice for lack of subject matter jurisdiction. The dismissal renders moot the following motions: (a) defendants John Cuckler, M.D. and Alabama Medical Consultants, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9); and (b) the Biomet defendants' Motion to Dismiss Plaintiff's Fraud and Misrepresentation Claims (Doc. 11).

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is dismissed, without prejudice, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** defendants John Cuckler, M.D. and Alabama Medical Consultants, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9) and the Biomet defendants' Motion to Dismiss Plaintiff's Fraud and Misrepresentation Claims (Doc. 11) are denied as moot.

**IT IS SO ORDERED.**

**Dated this 26th day of March, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**